IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE HALBIG, *et al.*, | ) |
| *Plaintiffs,* | ) |
| v. | ) Civ. No. 13-623 |
| KATHLEEN SEBELIUS, *et al.*, | ) Judge Richard W. Roberts |
| *Defendants.* | ) |

### DECLARATION OF J. ALLEN THARP

I, J. Allen Tharp, do hereby declare:

1. I own and control GC Restaurants SA, LLC, Olde England's Lion & Rose, LTD, Olde England's Lion & Rose at Castle Hills, LTD, Olde England's Lion & Rose Forum, LLC, Olde England's Lion & Rose at Sonterra, LTD, and Olde England's Lion & Rose at Westlake, LLC, all of which are Texas limited liability companies or limited partnerships headquartered in Texas (collectively, "the Restaurants"). For purposes of the employer mandate under the Affordable Care Act ("ACA"), all of these entities—being under my common control—are treated (together with one other corporation under my control) as a single employer with over 350 full-time employees.

2. Because Texas has elected not to establish its own health insurance Exchange, none of the Restaurants' employees should be eligible for premium assistance subsidies under the ACA. Accordingly, the Restaurants should not be subject to the employer mandate penalty.

3. But because the IRS Rule makes subsidies available in Texas, many of the Restaurants' full-time employees would be eligible for subsidies if the Restaurants do not offer them health insurance coverage that meets the ACA's requirements. For example, based on the

projected payroll for my Golden Chick quick-service restaurants (incorporated as GC Restaurants SA, LLC), approximately 18 full-time Golden Chick employees will be paid wages at a level between 100 and 400 percent of the federal poverty line, which is the income range that qualifies for subsidies. (Eleven of those employees are not married.) Accordingly, many full-time Golden Chick employees would qualify for subsidies if not offered ACA-compliant health coverage. If even a single such full-time employee receives a federal subsidy, the Restaurants will be subjected to penalties under the employer mandate.

4. In order to offer low prices, the Restaurants do not currently offer health coverage to many of their full-time employees (including all Golden Chick employees) and do not want to offer it to them in 2014 or 2015. Were we not at risk of incurring penalties under the employer mandate, the Restaurants would continue not to offer health coverage to these employees.

5. Instead, however, because of the IRS Rule, the Restaurants will be at risk of incurring penalties under the employer mandate. Indeed, it is virtually certain that they would incur those penalties. Accordingly, the Restaurants intend to avoid any penalty by complying with the employer mandate, including by sponsoring coverage for some full-time employees and reducing the hours of other full-time employees. Reducing hours is costly as well, because it requires the Restaurants to hire and train additional employees. The Restaurants simply cannot take the risk of incurring massive penalties under the ACA.

6. Moreover, because the Restaurant employees' eligibility for the subsidy obligates the Restaurants to spend money in the near future (on either ACA-compliant health coverage or a penalty under the employer mandate), the Restaurants must immediately engage in financial planning to set aside funds sufficient for those purposes. Their financial strength and fiscal planning are thus immediately and directly affected by this exposure to costs and/or liabilities.

- 3 -

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this day, August 6th, 2013.

*[signature: J. Allen Tharp]*
J. Allen Tharp